IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAVANT SYSTEMS, LLC,** | : | **CIVIL ACTION** |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | |
| v. | : | No.:  12-MC-51 |
| | : | |
| **CRESTRON ELECTRONICS, INC.,** | : | |
| Defendant/Counterclaim-Plaintiff. | : | |

### M E M O R A N D U M

**LYNNE A. SITARSKI**                                                              **DATE: March 22, 2012**
**UNITED STATES MAGISTRATE JUDGE**

      Currently before the Court are the Motion of Defendant Crestron Electronics, Inc. to Quash Plaintiff Savant Systems, LLC's Subpoena to Lutron Electronics Co., Inc. (Doc. No. 1), Plaintiff Savant Systems, LLC's Memorandum in Opposition to Defendant Crestron Electronics, Inc.'s Motion to Quash Plaintiff's Subpoena to Third Party Lutron Electronics Co., Inc. (Doc. No. 7), Defendant Crestron Electronics, Inc.'s [Proposed] Reply to the Opposition of Plaintiff Savant Systems, LLC to the Motion to Quash Plaintiff's Subpoena to Lutron Electronics Co., Inc. (Doc. No. 8), and Plaintiff Savant Systems, LLC's [Proposed] Sur-Reply in Regard to Crestron Electronics, Inc.'s Motion to Quash Plaintiff's Subpoena to Lutron Electronics Co., Inc. (Doc. No. 13). It is hereby Ordered for the following reasons that the Motion to Quash is **GRANTED**.[1]

**I.    BACKGROUND**

      **A.    The Parties and the Utah Litigation**.

Because this Court writes for the parties, it provides only a brief summary of the facts and

---

[1] By Order dated February 24, 2012, the Honorable C. Darnell Jones, II, referred this discovery motion to the undersigned for disposition.

the procedural history relevant to the present motion.

Savant Systems, LLC ("Savant" or "Plaintiff") and Crestron Electronics, Inc. ("Crestron" or "Defendant") are manufacturers and sellers of high-end programmable controller systems of domestic electronic equipment – i.e. audio-video, lighting, climate control, communications and surveillance systems.  Def.'s Mot. to Quash Ex. 3.  Savant is based out of Cape Cod, Massachusetts, and was founded in 2005 by a group with previous experience in related technological fields.  Def.'s Mot. to Quash Ex. 3 at Compl. ¶ 3.  Crestron is based in northern New Jersey, has been in the business for forty years, and represents that it is the most well-established and largest provider of these types of goods and services in the market, holding approximately 80% of the market.  Def.'s Br. in Supp. Mot. to Quash 1; *see also* Def.'s Mot. to Quash Ex. 3 at Compl. ¶¶ 4, 14.  Both Plaintiff Savant and Defendant Crestron appear to be fighting for the Apple platform market for its various products.  *Id.* at ¶¶ 6, 39-40.

Lutron Electronics Co., Inc. ("Lutron"), the recipient of the subpoena at issue in this motion, is headquartered in Coopersburg, Pennsylvania, and presents itself as an industry innovator in light dimmers and a direct competitor of Crestron.Def.'s Mot. to Quash Ex. 4 at Fourth Am. Compl. ¶¶ 2-5.  Of relevance to the present controversy is a case pending in the United States District Court for the District of Utah.  Def.'s Mot. To Quash Ex. 4.  That case, *Lutron v. Crestron,* concerns claims of copyright and patent infringement and theft of trade secrets of numerous Lutron products.  *Id.*

During discovery in the Utah patent case, Crestron produced 300,000 documents to Lutron in response to discovery requests served by Lutron.  Def.'s Br. in Supp. Mot. to Quash 3; *see also* Def.'s Mot. to Quash Ex. 2 at ¶ 4.  Importantly, the documents were designated

"Confidential" or "Highly Confidential," and were produced pursuant to a court-approved, stipulated protective order. *Id.*; *see also* Def.'s Mot. to Quash Ex. 5 at Stipulated Protective Order. The stipulated protective order was signed by United States Magistrate Judge Brooke C. Wells. Def.'s Mot. to Quash Ex. 5 at Stipulated Protective Order. Of particular relevance, that protective order provides that confidential documents produced in that lawsuit may be used in that lawsuit, only:

> Each Party's production of any document(s), thing(s), or information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be solely for purposes of and use in this action, and those documents, things and information *shall not be used for any other purpose or in any other action*.

*Id.* at ¶12 (emphasis added).

      **B.**     **The Subpoena Directed to Lutron Electronics**.

The current Miscellaneous action arises out of a second federal lawsuit pending in Massachusetts. Def.'s Br. in Supp. Mot. to Quash 2; *see also* Def.'s Mot. to Quash Ex. 3. Savant filed an antitrust suit against Crestron on September 22, 2010 in the United States District Court for the District of Massachusetts, alleging claiming violations of the Sherman and Clayton Acts. *Id.* Crestron filed a counterclaim alleging tortious and unfair business practices. Def.'s Br. in Supp. Mot. to Quash 2.

During discovery in the Massachusetts action, Savant served a subpoena *duces tecum* on non-party Lutron through its president, Joel S. Spira. Def.'s Mot. to Quash Ex. 5. The subpoena was served on December 28, 2011, at Lutron's offices in Coopersburg. *Id.* The subpoena purports to require non-party Lutron to produce documents produced by Crestron to Lutron in the Utah patent infringement suit. *Id.* As noted above, documents produced in the Utah case are

subject to a stipulated protective order signed by United States Magistrate Judge Brooke C. Wells, which particularly recites that documents produced in that action "shall not be used for any other purpose or in any other action." *Id.*

Upon receipt of Plaintiff Savant's subpoena, Lutron's counsel sent a letter to counsel for Crestron, stating: "We are providing you with notice that we consider documents produced by Crestron in [the Utah patent litigation] to be within Lutron's possession, custody, or control, and intend to produce any responsive documents from Crestron's production in response to the subpoena." Def.'s Mot. to Quash Ex. 5.  Lutron's counsel has since clarified it's position, stating that it intends to produce only those documents from the Utah litigation that are responsive to the subpoena.  Pl.'s Resp. Mot. to Quash.  Lutron further states that it intend to take appropriate measures to protect the confidentiality of any documents produced.  Pl.'s Surreply Mot. to Quash.

## II. DISCUSSION

### A. Legal Standard.

**First,** we note that pursuant to Federal Rule of Civil Procedure 45, a subpoena *duces tecum* shall be issued "from the court for the district in which the production . . . is to be made." Fed. R. Civ. P. 45(a)(2)(C).  Similarly, this Court may quash subpoenas issued by the United States District Court for the Eastern District of Pennsylvania.  *See* Fed. R. Civ. P. 45(c)(3).

The subpoena at issue was issued from this district, and directed to an entity within the

Eastern District of Pennsylvania.² This Court thus has the requisite authority to quash the subpoena, if appropriate.

**Second,** we address the issue of standing. Crestron contends that it has standing to move to quash the instant subpoena because it "'claims a personal "right or privilege in respect to the subject matter of a subpoena *duces tecum* directed to a nonparty".'" Def.'s Br. in Supp. Mot. to Quash 5 (*quoting Davis v. Gen. Accident Ins. Co. of Am.*, No. 98–4736, 1999 WL 228944, at *2 (E.D. Pa. Apr. 15, 1999 (citations omitted))). Savant does not refute this contention.

Generally, "'a party does not have standing to quash a subpoena served on a third party.'" *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (*quoting Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)). An exception to this rule permits a party to move to quash when it "claims 'some personal right or privilege in respect to the subject matter of a subpoena duces tecum directed to a nonparty.'" *Davis*, 1999 WL 228944 at *2 (E.D. Pa. Apr.15, 1999) (*quoting Dart Indus., Inc. v. Liquid Nitrogen Proc. Corp. of Cal.*, 50 F.R.D. 286, 291 (D.Del.1970)). In some cases, a movant's personal right or interest in the documents themselves confers standing. *See, e.g., New Park Entm't L.L.C. v. Elec. Factory Concerts, Inc.*, No. 98–775, 2000 WL 62315, at *5 (E.D. Pa. Jan.13, 2000) (conferring standing where defendant challenges subpoenas issued to non-party companies and municipalities alleging some personal right in requested documentation containing confidential research, development, and commercial information). The present case fits squarely within this exception to the general rule. Crestron has the requisite standing to seek to quash the subpoena.

---

² As noted, Lutron was served with the subpoena at it's office in Coopersburg, Lehigh County, Pennsylvania.

**Finally,** we note that the Court's power to quash or modify a subpoena inherently lies within the provisions to enter a protective order under Fed. R. Civ. P. 26(c). "[U]nder Rule 45(d)(1), a person who has been served with a discovery subpoena may move either for a protective order under Rule 26(c) or for an order quashing or modifying the subpoena under Rule 45(c)(3)." *Pepsi-Cola Metropolitan Bottling Co., Inc. v. Insurance Co. of N. America,* No. 10-222, 2011 WL 239655, at *2 (E.D. Pa., Jan. 25, 2011). "Typically, analysis of Rule 45(c)(3)(A) motions is similar to analysis of Federal Rule of Civil Procedure 26(c) motions for a protective order." *Municipal Revenue Services, Inc. v. Xspand, Inc.*, No. 07-42, 2007 WL 1875793, at *1 (E.D. Pa., Jun. 27, 2007). Rule 26(c)(1) provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (A) forbidding the disclosure of discovery; and (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1). Crestron has filed a motion to quash the subpoena pursuant to Rule 45(c)(3), and the Court analyzes the motion accordingly.

  **B.**  **Analysis.**

As noted, the Rules permit a court to quash a subpoena in certain circumstances. "On timely motion, the issuing court must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). The party moving to quash bears the burden of establishing that a privilege attaches to the subpoenaed documents. *See City of St. Petersburg v. Total Containment, Inc.*, 2008 WL 1995298, at *2 (E.D. Pa., May 5, 2008) (noting moving party's burden to establish requirements under Rule 45).

6

In this case, it is clear that the documents in question are protected: a negotiated protective order was entered by Magistrate Judge Wells. Def.'s Mot. to Quash Ex. 5. Neither Savant nor Lutron has argued that some exception or waiver, as contemplated by Rule 45(c)(3)(A)(iii), applies.

Savant argues that the protective order entered in the Utah patent litigation should be vitiated because any documents so produced "'will be produced pursuant to the highest level of confidentiality provided in the November 14, 2011 Protective Order.'" Pl.'s Resp. Mot. to Quash 5. Savant has not cited any authority for the proposition that the existence of another protective order constitutes the type of "exception" contemplated by Rule 45(c)(3)(A)(iii). Pl.'s Resp. Mot. to Quash.

"It is an abuse of the discovery process to order a defendant in the instant litigation to produce all documents which he had submitted in another case under the judicial imprimatur that those documents, when submitted, were judicially protected as confidential." *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, No. 74-2451, 1978 WL 1333, at *3 (E.D. Pa., May 2, 1978). As Judge Higginbotham observed in *Zenith*, "the status of confidentiality of these documents will not be breached by an order of this court." *Id.*

This Court thus concludes that disclosure of documents designated as confidential in the Utah litigation would violate the Utah protective order.[3] Crestron's motion to quash the

---

[3] Indeed, to the extent the parties to the Utah litigation seek any clarification concerning the scope of the court-approved, stipulated protective order entered in that case, the appropriate course of action is to address that issue within the confines of the Utah litigation. *See, e.g., Wolk v. Teledyne Industries, Inc.* 475 F. Supp. 2d 491, 499-500 (E.D. Pa. 2007) (observing that matter was placed in suspense to allow the court which issued protective order to address alleged violation of same).

subpoena directed to Lutron is therefore granted.

An appropriate Order follows.

BY THE COURT:

 /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE